IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FRANCHISE PROPERTY SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No. 07-1101-MLB |
| PACPIZZA, L.L.C., | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant PacPizza, L.L.C.'s ("PacPizza's") motion to dismiss or in the alternative to stay action and compel arbitration. (Doc. 4.) PacPizza contends that the parties have contractually agreed to mediation and arbitration and their agreement requires this court to either dismiss or stay this case. Plaintiff Franchise Property Services, Inc. ("Franchise Property") counters that the contract it made with PacPizza allows the parties to pursue litigation and, therefore, PacPizza's motion should be denied.

The motion has been fully briefed and is ripe for decision. (Docs. 5, 9, 12.) The motion is GRANTED in part and DENIED in part, for the reasons stated herein. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  FACTS**

The following facts are uncontroverted. On September 13, 2005, PacPizza, a Delaware corporation with its principal place of business in California, entered into a contract with plaintiff Franchise

Property, a Kansas corporation with its principal place of business in Kansas. The parties' contract was for the construction of a building to be operated as a Pizza Hut restaurant in Carson City, Nevada. The contract included in its terms the "General Conditions of the Contract for Construction" of the American Institute of Architects.

Regarding mediation and arbitration, the contract provides, in pertinent part:

> § 4.5 MEDIATION
> § 4.5.1 Any Claim arising out of or related to the Contract . . . shall . . . be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
>
> § 4.5.2 The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. . . .  The request [for mediation] may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.
>
> § 4.5.3 . . . Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.
>
> § 4.6 ARBITRATION
> § 4.6.1 Any Claim arising out of or related to the Contract . . . shall . . . be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.
>
> § 4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules

>> of the American Arbitration Association currently in effect.
>>
>> . . .
>>
>> § 4.6.6 Judgment on Final Award.  The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Doc. 5 Ex. B at 31-32.)  The contract also states: "Duties and obligations imposed by the Contract Documents and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law."  (Doc. 5 Ex. B at 36.)  Finally, regarding the law to be applied to the parties' disputes, the contract states: "The Contract shall be governed by the law of the place where the Project is located."  (Doc. 5 Ex. B at 36.)

At some point, a dispute arose over the amount of money owing on the contract and Franchise Property filed suit.  (See Doc. 1 Ex. B (petition filed in the District Court of Sedgwick County Kansas).) PacPizza timely removed the matter to this federal court.  The parties have not mediated or arbitrated their dispute.

## II.  ANALYSIS

As stated above, PacPizza contends that the parties have contractually agreed to mediation and arbitration and their agreement requires this court to either dismiss or stay this case.  Franchise Property counters that the contract it made with PacPizza does not require arbitration and, therefore, PacPizza's motion should be denied.

The question of whether parties have agreed to arbitrate a

-3-

particular dispute is an issue for judicial determination. AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). "When deciding whether the parties have agreed to arbitrate, the Court applies ordinary state law principles that govern the formation of contracts." Lynn v. Gen. Elec. Co., 407 F. Supp. 2d 1257, 1261 (D. Kan. 2006).

As an initial matter, although the parties do not brief the issue, the court must determine the applicable state law to apply. The substantive law of the forum state, including that forum state's choice of law rules, applies. See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (holding that in a diversity action, the federal court must use the forum's conflict of laws rules to determine the law to be applied in a breach of contract action); Henderson v. Nat'l Fid. Life Ins. Co., 257 F.2d 917, 919 (10th Cir. 1958).

Kansas is the forum state and Kansas choice of law rules in contract-based actions "permit parties to choose the law applicable to their agreement." Brenner v. Oppenheimer, 273 Kan. 525, 538, 44 P.3d 364, 374 (2002). Therefore, a contracted choice of law provision controls all questions of law flowing from the parties' contract and any breach thereof. See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc., 431 F.3d 1241, 1255 (10th Cir. 2005) (stating that in a diversity case arising in a federal court in a Kansas forum, when faced with a contracted provision that an agreement and "all its terms and conditions shall be governed by and interpreted under the laws of the State of New York," the claims of the plaintiff premised on a breach of the underlying agreement would be governed and interpreted

by New York law).

Regarding the law to be applied to this dispute, the parties' contract states in entirety: "The Contract shall be governed by the law of the place where the Project is located." The project contracted for by the parties was the construction of a building in Carson City, Nevada. Therefore, the law of Nevada will be used to determine whether the parties' contract requires arbitration of their dispute.

Nevada rules regarding the construction of contracts are as follows:

> The question of the interpretation of a contract when the facts are not in dispute is a question of law. A contract is ambiguous if it is reasonably susceptible to more than one interpretation. The best approach for interpreting an ambiguous contract is to delve beyond its express terms and examine the circumstances surrounding the parties' agreement in order to determine the true mutual intentions of the parties. This examination includes not only the circumstances surrounding the contract's execution, but also subsequent acts and declarations of the parties. Also, a specific provision will qualify the meaning of a general provision. Finally, an interpretation which results in a fair and reasonable contract is preferable to one that results in a harsh and unreasonable contract.

Shelton v. Shelton, 78 P.3d 507, 510 (Nev. 2003) (internal citations and quotations omitted).

Applying these general principles to the facts at hand, it is clear that the parties' contractual arbitration provision is applicable. The uncontroverted facts are that the contract contains both general reservation of rights language and specific language mandating that the parties' disputes are subject to mediation/

-5-

arbitration. Pursuant to Nevada law, the specific provisions mandating mediation/arbitration control the more general provisions merely reserving "duties, obligations, rights and remedies otherwise imposed or available by law." See Shelton, 78 P.3d at 510; see also Restatement (Second) of Contracts § 236(c) (1979) ("Where there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions.")

In addition, the only reasonable interpretation of the contract is that the mediation/arbitration provisions are not supplanted by the general reservation of rights language. Caldwell v. Consol. Realty & Mgmt. Co., 668 P.2d 284, 287 (Nev. 1983) (stating that where a contract is ambiguous, a court must seek a reasonable interpretation of that contract). The parties' contracted provisions concerning mediation and arbitration are detailed and span nine paragraphs. The general reservation of rights language is one sentence and stated in a "catch-all" fashion.

The court concludes that a reasonable interpretation of the contract is that the specific provisions mandating mediation/arbitration control over the general reservation of rights provision. The parties' contract mandates mediation/arbitration over "any Claim arising out of or related to the Contract." The parties current dispute concerns the amount of money owing on the contract. This dispute certainly arises out of the parties contract and comes within the coverage of those provisions. As a result, the parties' dispute is subject to arbitration.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs

agreements to arbitrate. Section 2 of the FAA states that contractual agreements to arbitrate are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. In addition, there is a "liberal federal policy favoring arbitration." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983).

Section 3 of the FAA mandates:

> If any suit be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Therefore, when suits are brought on a matter "referable to arbitration under an agreement in writing for such arbitration" then the court "shall" stay the action until the arbitration has been completed.

PacPizza, however, primarily requests dismissal of Franchise Property's suit, and requests a stay only in the alternative, if the court denies its motion for dismissal. PacPizza's request for dismissal is based on its argument that mediation was a condition precedent to suit and therefore the Franchise Property's suit must be dismissed. PacPizza cites no authority for its proposition, other than citing cases from outside this circuit permitting dismissal when all claims raised in a lawsuit are subject to arbitration.

There appears to be a split amongst the circuits with regard to whether a court should dismiss or stay an action being sent to

-7-

arbitration pursuant to a contractual arbitration clause. See, e.g., Bercovitch v. Baldwin Sch. Inc., 133 F.3d 141, 156 (1st Cir. 1998) (noting that § 3 of the FAA requires stay, but stating that when all the issues before the court are arbitrable, a court may dismiss); Mehler v. Terminix Int'l Co. L.P., 205 F.3d 44 (2d Cir. 2000) (reversing lower court's denial of motion to dismiss or alternatively stay and remanding with instructions to stay proceedings and direct the parties to arbitration); Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004) (holding that the plain language of § 3 of the FAA gives a court no discretion to dismiss an action when one of the parties applied for a stay pending arbitration); Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (finding that, "[n]otwithstanding the terms of § 3, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (noting § 3 of the FAA but determining that § 3 was not "intended to limit dismissal of a case in the proper circumstances," including the circumstance where all issues raised are required to be submitted to arbitration); Simon v. Pfizer Inc., 398 F.3d 765, 773 (6th Cir. 2005) (finding error in lower court's refusal to dismiss action because claim was subject to arbitration); Volkswagen of Am., Inc. v. Sud's of Peoria, Inc., 474 F.3d 966, 970 (7th Cir. 2007) (stating that if one party to a contract with an arbitration clause files suit, the other party may move to stay or dismiss the action); Balt. & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd., 154 F.3d 404, 407 (7th Cir. 1998) (treating a dismissal with leave to reinstate the same as a stay); Sparling v. Hoffman Constr.

Co., 864 F.2d 635 (9th Cir. 1998) (approving dismissal rather than a stay when all the plaintiff's claims are required to be submitted to arbitration; relying on Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143 (9th Cir. 1978)); Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir. 1994) (holding that it was procedural error for the lower court to dismiss case rather than stay arbitration); Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992) (holding that when a district court determines that claims are subject to arbitration, the claims should be stayed, rather than dismissed).

  The Tenth Circuit, however, seems to require imposition of a stay rather than a dismissal. In Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953 (10th Cir. 1994), the Tenth Circuit reviewed an order of the district court dismissing a complaint and ordering the parties to arbitration, despite one of the parties moving the court for a stay. After noting § 3 and its language mandating a court to stay a proceeding pursuant to an arbitration agreement, the Tenth Circuit stated: "The proper course, therefore, would have been for the district court to grant Defendant's motion to stay the action pending arbitration." Id. at 955. The Tenth Circuit then held that, had the district court entered a stay, the stay order would have been interlocutory and non-appealable, but because the court dismissed the case, the appellate court had jurisdiction. Id. The Tenth Circuit ultimately declined to reach the merits of the matter "in light of [its] adoption of the majority view discouraging immediate appellate review in a proceeding in which relief other than a determination of arbitrability is sought." Id. The Tenth Circuit remanded the case

for an entry of stay pending arbitration. Id. at 955-56. See also Griggs v. Check 'N Go of Okla., Inc., No. CIV-06-1041-F, 2006 WL 3544338, at *1 (W.D. Okla. Nov. 29, 2006) ("Although there appears to be a split in authority among the circuit courts as to whether a dismissal or a stay is proper when all claims are referred to arbitration as they are here, this court finds and concludes under Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir.), and in light of the plain language of the statute, that the proper result of defendant's motion is a stay."); but see Armijo v. Prudential Ins. Co. of Am., 72 F.3d 793. 796-97 (10th Cir. 1995) (reviewing a dismissal of claims after lower court compelled arbitration, where party did not ask for stay but only asked for dismissal).

At this time, the appropriate result is to stay this action. Although the Tenth Circuit has not squarely addressed the issue, its comments in Adair Bus Sales, Inc. indicate that the preferred course is a stay, rather than a dismissal. The court has determined that a valid arbitration agreement exists and the dispute in question is within the scope of that agreement. The plain language of the FAA affords courts no discretion in choosing to dismiss a case rather than issue a stay pending arbitration. See 9 U.S.C. § 3 ("The court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."). The issuance of a stay allows this court to retain judicial supervision of this matter once an

arbitrator's decision is rendered.  See 9 U.S.C. § 9 (providing for judicial confirmation and entry of judgment of arbitration awards); § 10 (providing limited grounds for challenging arbitration decision); § 11 (same).  The issuance of a stay also prevents the burden of an immediate appeal that could result from a dismissal of this action. See 9 U.S.C. § 16(a)(3) (stating that an appeal may be taken from "final decisions"); § 16(b)(1) (stating that an appeal may not be taken from an interlocutory order granting a stay under § 3).

### III.  CONCLUSION

PacPizza's motion to dismiss is DENIED and its motion to stay action pending arbitration is GRANTED.  This action is stayed "until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.

IT IS SO ORDERED.

Dated this   29th   day of May, 2007, at Wichita, Kansas.

S/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE